Filed 10/31/13  P. v. Rodriguez CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E058227 |
| v. | (Super.Ct.No. BAF1200188) |
| RICHARD RODRIGUEZ, JR., | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Gary B. Tranbarger, Judge.  Affirmed.

Richard Schwartzberg, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Richard Rodriguez, Jr., appeals following his conviction for misdemeanor assault, as a lesser included offense.  We will affirm the conviction.

1

## PROCEDURAL HISTORY

Defendant was charged by a second amended information with felony assault by means of force likely to produce great bodily injury. (Pen. Code, § 245, subd. (a)(4).)[1] The information also alleged four strike priors. (Pen. Code, §§ 667, subds. (c), (e)(2)(A), 1170.12, subd. (c)(2)(A).) A jury found him guilty of simple assault, a misdemeanor (Pen. Code, § 240), as a lesser included offense. The court sentenced defendant to a term of 180 days in local custody, with credit for 180 days served.

Defendant filed a timely notice of appeal.

## FACTS

On October 20, 2011, while incarcerated in a Riverside County jail facility in Banning, defendant was involved in an altercation in which he and four other inmates punched another inmate, Arguelles. Riverside County Deputy Sheriff Evan Bechtold reviewed the surveillance tape and observed that defendant was one of the inmates assaulting Arguelles. A videotape of the incident was played for the jury. Photographs of Arguellas taken by Deputy Bechtold after the incident (exhibits 5-8) showed cuts on his forehead and around his eyes. Bechtold also took photographs of defendant (exhibits 14 & 16), showing that his right hand was swollen while his left hand was not. The photograph also showed that the knuckles of defendant's right hand were reddened.

---

[1] The second amended information alleges the assault by means of force likely to produce great bodily injury as a violation of Penal Code section 245, subdivision (a)(1). However, that offense is set forth in subdivision (a)(4). Subdivision (a)(1) prohibits assault with a deadly weapon or instrument.

2

## DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel filed an opening brief raising no issues and asking this court to independently review the record. We offered defendant the opportunity to file any supplemental brief he deemed necessary, but he did not do so.

We have examined the entire record and have found no error. We are satisfied that defendant's attorney has fully complied with his responsibilities and that no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109-110; *People v. Wende* (1979) 25 Cal.3d 436, 441.) In reaching this conclusion, we examined the sufficiency of the evidence to support the conviction, as mentioned by appointed counsel but not argued. We are satisfied that substantial evidence supports the conviction.

## DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
Acting P. J.

We concur:


RICHLI
J.


MILLER
J.


3